United States District Court
District of South Carolina

| | | |
|---|---|---|
| Curtis Dale Richardson, # 269166; | ) | C/A No.4:06-0453-RBH-TER |
| | ) | |
| Plaintiffs; | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| South Carolina Department of Correction; Mark Sanford, Governor of South Carolina; Jon Ozmint, Director of S.C.D.C.; Willie Eagleton, Evans Corr. Inst.; Faulkenberry, Kershaw Corr Inst. Warden; David Tartarsky, S.C.D.C. Counsel; Ralph King Anderson, III Admin Law Judge; Marvin Kittrell, Chief Admin Law Judge; and Henry McMaster, Attorney General; | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The Plaintiff, Curtis Richardson, (hereafter, the "Plaintiff"), is a state prisoner proceeding *pro se*. He seeks relief pursuant to Title 42 United States Code § 1983. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

**BACKGROUND**

Plaintiff is incarcerated at the Evans Correctional Institution (ECI) in Bennettsville, South Carolina. In September 2002, he was convicted upon jury trial before the Horry County Court of General Sessions on charges of second degree burglary. Simultaneously with the present action, Plaintiff has filed a petition for *habeas corpus* relief alleging that he is being held in custody of the South Carolina Department of Corrections (SCDC) because of an improper sentence calculation. In that case, as in this action, Plaintiff alleges that he has already been imprisoned

1

unlawfully for ten (10) months beyond the expiration of his sentence because the Defendants have denied him nineteen (19) months "jail time" credit. Plaintiff's *habeas* petition will be served upon the respondents in that action.

The narrative of the Complaint in this case is set forth verbatim, with case citations omitted:

> As early as 2003, the plaintiff in this action while incarcerated at Evans Corr. Inst, filed proper grievance appeal to this issue which is standard procedure for this sentence related issue. Plaintiff was alternatively transfered [sic] to Kershaw Coo Inst, where the inmate grievance procedure was again instituted. (Eagleton is the Evans Corr Warden, Faulkenberry is the Kershaw Corr Ins. Warden) After being denied relief by both Wardens, the grievance denials were appealed to the Administrative Law Judgs [sic] Kittrell and Anderson (Please note that ocpies of all of these pleadings were served on each Defendant.)
> The plaintiff even forwarded copies of the South Carolina Court cases [citations omitted] in support of his position that the Supreme Court ruled that defendants are entitled to full credits off of his sentence in situations identical to plaintiffs. Therefore all of the above named defendants as early as 2003 were all aware of the South Carolina Supreme Court law as being identical situation which the law must apply and relief to plaintiff was not discretionary but mandatory.
> Defendants were furthermore as members of the state bar and/or educated in the law and its application as evidenced by prior dismissal of plaintiff's 1st appeal and alternatively a "remand" on plaintiff's second appeal. Judges Anderson and Kittrell instituted the dismissal and remand and as judges clearly were aware of the law in this area. These same two judges has refused to entertain any of plaintiff's motions (multiple) or pleadings in excess of 12 months as opposed to timely responses and dismissals in favor of the defendants.
> The defendants as of todays date has failed to apply plaintiffs presentence jail credits to his sentence which is in violation of plaintiff's right to equal justice, right to due process of law and is legal malpractice. The defendants currently are in debt to Plaintiff for monetary damages for 10 months of illegal incarceration.

Plaintiff seeks to recover One Million Dollars ($1,000,000.00) in damages for the foregoing and for malicious prosecution by the Defendants.

### *Pro Se* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.

Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner,

404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, supra.  Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him.  Small v. Endicott, 998 F.2d 411 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## § 1983 ACTION HAS NOT ACCRUED

As a matter of law, Plaintiff cannot bring an action under 42 U.S.C. §1983 until his conviction has been vacated or expunged.  The United States Supreme Court, in Heck v. Humphrey, 512 U.S. 477 (1994), explained the rule that claims of the type here presented must await the vacation or expungement of the underlying conviction:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-487 (footnotes omitted).

Whether or not an incorrect sentence calculation has occurred, Plaintiff's incarceration at

this point in time remains a valid conviction precluding any recovery of monetary damages under Plaintiff's theory. <u>Heck</u> compels dismissal of this action, albeit without prejudice. In this Court, such a dismissal has been deemed "frivolous" under provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(I). See <u>Barr v. South Carolina Dep't of Probation Parole</u>, 2002 WL 32332074 (D.S.C. Nov 8, 2002), *aff'd* 60 Fed. Appx 939 (4th Cir. 2003); <u>Douglas v. Scott</u>, 2002 WL 32333163 (D.S.C. Nov 6, 2002), *aff'd* 55 Fed. Appx. 704 (4th Cir. 2003); <u>Dewitt v. Adduci</u>, 2002 WL 32332077 (D.S.C. Aug. 13, 2002), *aff'd* 62 Fed. Appx. 532 (4th Cir. 2003).

## **CONCLUSION**

The Defendants should not be required to answer this Complaint. It is therefore recommended that the within Complaint be dismissed as "frivolous" under 28 US.C. § 1915A, without prejudice and without issuance or service of process. It is also recommended that this dismissal be deemed a "strike" under the "three strikes rule" under 28 U.S.C. § 1915(g). Plaintiff's attention is directed to the Notice on the following page.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

<u>May 8</u>, 2006
Florence, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are not sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded pro se in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a pro se litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**
