IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Curtis Dale Richardson, # 269166,  ) | |
| ) | C.A. No.: 4:06-453-RBH |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | **O R D E R** |
| ) | |
| South Carolina Department of Correction;  ) | |
| Mark Sanford, Governor of South Carolina;  ) | |
| Jon Ozmint, Director of S.C.D.C.; Willie  ) | |
| Eagleton, Evans Corr. Inst.; Faulkenberry,  ) | |
| Kershaw Corr Inst. Warden; David  ) | |
| Tartarsky, S.C.D.C. Counsel; Ralph King  ) | |
| Anderson, III Admin Law Judge; Marvin  ) | |
| Kittrell, Chief Admin Law Judge; and Henry ) | |
| McMaster, Attorney General,  ) | |
| ) | |
| Defendants.  ) | |
| _____) | |

Plaintiff is an inmate of the South Carolina Department of Corrections ("SCDC") currently confined at Evans Correctional Institution. He is serving a twelve year sentence on a conviction for burglary. Proceeding *pro se*, he brings this action pursuant to 42 U.S.C. § 1983 against the South Carolina Department of Corrections and its director; Governor Sanford; the wardens of Evans and Kershaw Correctional Institutions; the attorney for SCDC; two State administrative law judges; and the State Attorney General. Plaintiff alleges that he is "not seeking release from prison via this lawsuit. I am only seeking damages for the defendants denial of 10 months jail time reduced from my sentence which the same is a denial of my right to equal justice my right to due process of law and enforces legal malpractice applied by the defendants."

1

Plaintiff has attached to his objections an unsigned copy of an Order by State Circuit Judge Paula H. Thomas that plaintiff's application for post-conviction relief (PCR) be scheduled for hearing, and the plaintiff states in his objections that the "a hearing on the merits of the action" will be set at the next term of court in the Court of Common Pleas.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation of United States Magistrate Thomas E. Rogers, III, filed May 8, 2006. Based on his review of the record, the Magistrate Judge concluded that the case should be dismissed as frivolous and *without prejudice* on the basis that Plaintiff has not established that his conviction has been vacated, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued, based on Heck v. Humphrey, 512 U.S. 477 (1994).

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. Mathews v. Weber, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

The Plaintiff filed objections to the Report and Recommendation on June 5, 2006, after obtaining an extension of time for this filing. In his objections, he contends that the action should be "stayed pending a hearing" instead of being dismissed and objects to the conclusion by the magistrate judge that the case is frivolous.

The Magistrate correctly found that the case is controlled by the United States Supreme Court case of Heck v. Humphrey, 512 U.S. 477 (1994). In the Heck case, the Supreme Court held:

> "(I)n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . ."

The Supreme Court in Heck further held that if the prisoner's claim would "necessarily imply the invalidity of the prisoner's conviction or sentence, the District Court should dismiss the §1983 case unless the Plaintiff can demonstrate that the conviction of sentence is already invalidated. In this case, the Magistrate Judge properly held that the plaintiff filed this Section 1983 claim prematurely.[1]

The plaintiff cites Preiser v. Rodriguez, 411 U.S. 475 (1973) and Feaster v. Miksch, 846 F.2d 21 (6th Cir. 1988), cert. denied, 488 U.S. 857 (1988). However, both cases have been abrogated by Heck. ["Dictum" in Preiser regarding damages suits under §1983 is "an unreliable, if not an unintelligible, guide".] Heck, 512 U.S. at 482. See also, Schilling v. White, 58 F.3d 1081 (6th Cir. 1995) ["However, a question remains whether the Fourth Amendment exception (staying rather than dismissing 1983 action without prejudice) first enunciated in Feaster survives the Supreme Court's

---

[1] The plaintiff has also filed a petition for writ of habeas corpus under 28 U.S.C. §2254 which is pending. See Richardson v. Eagleton, C/A No.: 4:06-00460-RBH-TER.

3

recent decision in Heck v. Humphrey . . . We hold that it does not, and that any exception is no longer good law."] Schilling, 58 F.3d at 1085.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation and incorporates it herein. It is therefore

**ORDERED** that all objections are overruled, and this complaint is dismissed as "frivolous" under 28 U.S.C. § 1915A, without prejudice and without issuance or service of process. It is also **ORDERED** that this dismissal is deemed a "strike" under the "three strikes rule" under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

                                                 s/ R. Bryan Harwell
                                                 R. Bryan Harwell
                                                 United States District Judge

Florence, South Carolina
June 14, 2006